**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER M., o.b.o. LINDA A. M.,[1]<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 2:20-cv-05367-AFM<br><br>**MEMORANDUM OPINION AND<br>ORDER REVERSING AND<br>REMANDING DECISION OF THE<br>COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

**BACKGROUND**

In 2017, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability since September 28, 2016. (Administrative Record ("AR") 172-184.) Plaintiff's applications were denied. (AR 79-97.) On

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

June 17, 2019, Plaintiff appeared with counsel at a hearing conducted before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff and a vocational expert ("VE") testified. (AR 30-66.)

In a decision dated July 29, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus, diabetic polyneuropathy, mild osteoarthritis and calcaneal spur of the left foot, hiatal hernia, vasculitis, and obesity. (AR 17.) After concluding that Plaintiff's impairments did not meet or equal any listed impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work with the following restrictions: lift less than ten pounds frequently and ten pounds occasionally; sit for at least six hours in an eight-hour workday; stand and walk for two hours in an eight-hour workday; occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to vibration, heat, and cold; avoid all exposure to hazards such as heights and moving machinery; and she must be allowed to use a walker to ambulate about the workplace. (AR 19-20.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work as a telephone solicitor. Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 24.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUES

1. Whether the ALJ erred in finding that Plaintiff's impairments did not meet or equal a Listing.

2. Whether the ALJ properly assessed Plaintiff's visual limitations.

3. Whether the ALJ's finding that Plaintiff could perform sedentary work is inconsistent with Social Security Ruling 96-9P.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to

determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

### I.    Relevant Medical Evidence

In summarizing the medical record, the ALJ noted that Plaintiff had a history of diabetes mellitus with diabetic polyneuropathy. (AR 21, citing AR 262-342, 350-423.) In January 2017, Plaintiff was seen by a neurologist for complaints of difficulty walking, balance problems, and numbness/tingling in her extremities. (AR 327, 330.) Physical examination revealed Plaintiff was able to ambulate, but had difficulty performing tandem walking. Her coordination and motor exam were normal, and she had 5/5 extremity strength, normal muscle bulk and tone. Plaintiff was diagnosed with polyneuropathy and diabetic polyneuropathy. (AR 328, 331.)

In March 2017, Plaintiff underwent a lower extremity electromyography (EMG) examination. The exam results were abnormal, showing severe peripheral polyneuropathy with chronic denervation at multiple levels. (AR 333.) Plaintiff's upper extremities did not exhibit neuropathy. (AR 338-340.)

In May 2017, Marvin Perer, M.D., conducted a consultative examination. Plaintiff reported a history of hypertension, hyperlipidemia, a heart condition, and

diabetes mellitus with lower extremity numbness and burning. She told Dr. Perer that she had used a walker to assist with ambulation, but she "no longer has it." She tried to "walk very carefully unassisted." (AR 338.) Upon physical examination, Dr. Perer noted that Plaintiff decreased sensation to light touch in her lower extremities from the knees to the feet. She had "good tone appreciated with good active motion," no evidence of atrophy or fasciculation, and 5/5 extremity strength. Plaintiff's gait was slow, but she did not require an assistive aid to ambulate across the room. (AR 340.) Dr. Perer diagnosed Plaintiff with diabetes with neuropathy and decreased balance, hypertension, hyperlipidemia, and electrocardiographic evidence of a prior myocardial infarction by history. (AR 341.) In Dr. Perer's opinion, Plaintiff was able to lift and carry 10 pounds frequently and 20 pounds occasionally; sit for eight-hours in an eight-hour workday; sand/walk for four hours in an eight-hour workday. (AR 341.)

In April 2018, Plaintiff began physical therapy and gait training. From then through April 2019, Plaintiff attended approximately sixteen sessions. (AR 392-408.) The ALJ observed that the physical therapy records do not indicate that Plaintiff used an assistive device. (AR 22.)

The ALJ also summarized the medical records related to Plaintiff's left foot, which revealed a history of mild osteoarthritis and a calcaneal spur. (AR 22; see AR 292, 315.) In November 2015 (prior to the alleged onset date of disability), an x-ray of Plaintiff's left foot revealed mild osteoarthritis and a calcaneal spur but no acute fracture. (AR 289, 292.) In July 2016, x-rays showed a small plantar calcaneal spur, but no fracture or dislocation. (AR 315-316.) The ALJ observed that the record included no treatment for Plaintiff's alleged left foot pain or any radiographic imaging of her left foot during the relevant period. (AR 22.)

The ALJ also noted that the record contained evidence of Plaintiff's history of vasculitis, a hiatal hernia, and obesity. (AR 22.)

**II.    Whether the ALJ Erred in Determining that Plaintiff's Impairments Did Not Meet or Equal a Listing**

Plaintiff contends that the ALJ erred in finding that her impairments did not meet or equal section 1.02A or 11.14 of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. (ECF 29 at 7-13.)

Relevant Law

At Step Three of the sequential evaluation process, the claimant bears the burden of showing that she has an impairment that meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). To "meet" a listed impairment, a claimant must establish that his condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, a claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to all of the criteria for the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. § 404.1526); *see Sullivan*, 493 U.S. at 531.

To make a proper Step Three finding, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990)). "The regulations ... require the Secretary to review the symptoms, and make specific findings essential to the conclusion.... [The ALJ's] findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990) (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1526(c), 416.926(c) ("When we determine if your impairment medically

equals a listing, we consider all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding."). If a claimant has an impairment or combination of impairments that meet(s) or equal(s) a condition outlined in the Listing, then the claimant is presumed disabled at Step Three of the evaluation process, and the ALJ need not make any specific findings as to her ability to perform her past relevant work or any other jobs. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995).

Analysis

The ALJ determined that Plaintiff's impairments, singly or in combination, did not meet or medically equal the criteria of any Listing. The ALJ's decision specifically addressed two Listings – 1.02 and 11.14. (AR 19-20.)

A claimant can meet Listing 11.14 if she has peripheral neuropathy, characterized by either:

A. Disorganization of motor function in two extremities (see 11.00D1) resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or

B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following:

1. Understanding, remembering, or applying information (see 11.00G3b(i)); or

2. Interacting with others (see 11.00G3b(ii)); or

3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

4. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14 (effective March 14, 2018 to April 1, 2021).

Listing 1100D1 describes "disorganization of motor function" as "interference, due to your neurological disorder, with movement of two extremities,

i.e., the lower extremities, or upper extremities (including fingers, wrists, hands, arms and shoulders)." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 11.00D1. Listing 11.00D2 describes "extreme limitation," in pertinent part, as:

> the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities. The assessment of motor function depends on the degree of interference with standing up; balancing while standing or walking; or using the upper extremities (including fingers, hands, arms, and shoulders).
>
> a. Inability to stand up from a seated position means that once seated you are unable to stand and maintain an upright position without the assistance of another person or the use of an assistive device, such as a walker, two crutches, or two canes.
>
> b. Inability to maintain balance in a standing position means that you are unable to maintain an upright position while standing or walking without the assistance of another person or an assistive device, such as a walker, two crutches, or two canes.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 11.00D2.

The ALJ stated that she considered Plaintiff's neuropathy under Listing 11.14 and concluded that Plaintiff did not satisfy the criteria because:

> she does not have disorganization of motor function in two extremities resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, use the upper extremities, or marked limiting in physical functioning and in one of the following: understanding, remembering or applying information, interacting with others, adapting or managing oneself, or concentrating, persisting, or maintaining pace.

(AR 19.)

The ALJ's conclusion essentially restates the requirements of the Listing without providing any explanation. That is, the ALJ does not identify any particular requirement or requirements of Listing 11.14 that the ALJ determined to be absent. The parties' briefs focus on whether Plaintiff retained the ability to ambulate, implicitly agreeing that such ability is critical to whether her impairments meet or equal Listing 11.14. (*See* ECF 29 at 7-9; ECF 39 at 4-6; ECF 40 at 3-4.)

Plaintiff contends that the ALJ's decision contains an "unresolved conflict" – namely, the ALJ found that Plaintiff must be allowed to use a walker to ambulate, yet also found that her severe peripheral neuropathy did not satisfy Listing 11.14. (ECF 29 at 7-9.) The Commissioner argues that the medical evidence supports the ALJ's conclusion and points to treatment records reflecting that Plaintiff was able to ambulate without a walker in January 2017; Plaintiff was able to ambulate without a walker during her consultative examination in May 2017; and Plaintiff's physical therapy records from April 2018 to April 2019 did not reveal that she required a walker to ambulate. (*See* AR 328, 331, 340, 403-408.)

Although the Commissioner's argument has support in the record, the ALJ apparently concluded that Plaintiff required a walker to ambulate. The ALJ summarized Plaintiff's testimony that she used a walker based upon her neuropathy and balance problems; that the walker was prescribed to her by a doctor and she received it a few days before the hearing; and that she previously had been using a similar device that she had purchased or was given to her by a family member prior to receiving the rolling walker. (AR 21.) While the ALJ highlighted treatment notes indicating that Plaintiff ambulated without the use of a walker (AR 23, citing AR 289, 328, 331, 334, 340), she nevertheless found that Plaintiff was restricted to a limited range of "sedentary exertional level work with use of a walker to ambulate." (AR 24; *see also* AR 20.) The Commissioner's argument essentially invites the Court to make independent findings contrary to the findings of the ALJ. The Court may not do this. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (court's

review is constrained to the reasons set forth by the ALJ and court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless).

Next, the Commissioner argues that the ALJ's Step Three determination is supported by the opinions of Dr. Perer and the state agency physician who reviewed the record. According to the Commissioner, both physicians "concluded that Plaintiff's impairments did not meet or equal a listing." (ECF 39 at 5-6, citing AR 67-77, 337-341.) The Court does not agree with this characterization of the record. While the state agency physician did not find that Plaintiff's impairments met or equaled a Listing, that physician did not specifically consider Listing 11.14. (*See* AR 72.) Indeed, Dr. Perer did not purport to address the Listings. (*See* AR 337-341.) Further, in concluding that Plaintiff was limited to a range of sedentary work with the use of a walker when ambulating in the workplace, the ALJ gave the state agency physician's opinion "little weight" and Dr. Perer's opinion only "partial weight." (AR 24.) A fair reading of the ALJ's decision indicates that she rejected the physicians' opinions to the extent they concluded that Plaintiff could ambulate without an assistive device. (*See* AR 24.) The Commissioner's argument in favor of upholding the ALJ's decision is based solely on evidence indicating that Plaintiff did not require a walker to ambulate. The ALJ, however, considered the entire record and found that Plaintiff did require a walker to ambulate. (AR 17, 20-24.)

Although Plaintiff has not definitely established the requirements of Listing 11.14, the ALJ's own findings suggest that Plaintiff's impairment(s) may satisfy Listing 11.14's requirement of showing significant and persistent disorganization of motor function in two extremities – that is, both of Plaintiff's legs – resulting in extreme limitation in the ability to balance while standing or walking. The ALJ's failure to adequately evaluate whether Plaintiff's impairments met or medically equaled Listing 11.14 warrants a remand. *See Thresher v. Astrue*, 283 F. App'x. 473, 475 (9th Cir. 2008) (remand warranted for the ALJ to make further Step Three

findings, where ALJ's decision made it unclear whether the ALJ "came to grips with the specific requirements of" specific Listing); *Pitts v. Berryhill*, 2018 WL 6118584, at *1 (C.D. Cal. Sept. 12, 2018) (remand warranted where ALJ's inconsistent findings undermined determination that plaintiff did not meet or equal Listing); *Ramirez v. Colvin*, 2014 WL 360183, at *4 (C.D. Cal. Jan. 31, 2014) ("remand is appropriate because the ALJ failed adequately to evaluate whether plaintiff's impairments met or medically equaled Listing"); *Ontiveros v. Astrue*, 2011 WL 1195935, at *4 (C.D. Cal. Mar. 30, 2011) (remand warranted even though plaintiff had not definitively established the requirements of that Listing where the ALJ failed to discuss relevant evidence in context of that listing). *See generally, Brown-Hunter*, 806 F.3d at 496 (where factual issues remain outstanding, a plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance"). Because a finding that Plaintiff met a Listing would result in a finding of disability, the Court cannot conclude that the ALJ's error was harmless. Finally, since the Court has found reversible error based on the first issue, the Court need not address the other two disputed issues raised by Plaintiff.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.[2] *See* 42 U.S.C. § 405(g).

DATED: 3/29/2022

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.